Neil D. Martin, Esq., No. 94121
nmartin@hillfarrer.com
HILL, FARRER & BURRILL LLP
One California Plaza, 37th Floor
300 South Grand Avenue
Los Angeles, CA 90071
T: 213.620.0460
F: 213.624.4840

Lawrence D. Graham, Esq., *Pro Hac Vice*
graham@blacklaw.com
Richard Alaniz, Esq., *Pro Hac Vice*
alaniz@blacklaw.com
BLACK LOWE & GRAHAM PLLC
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
T: 206.381.3300
F: 206.381.3301

Attorneys for Defendants/Cross-Defendants,
Tom Romeo and Romeo & Juliette, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br>vs.<br>TOM ROMEO, an individual; and ROMEO & JULIETTE, INC., a California corporation,<br><br>Defendants, | CASE NO. CV10-8489 DSF (FMOx)<br><br>**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM** |
| TOM ROMEO an individual; and ROMEO & JULIETTE, INC., a California corporation,<br><br>Counterclaimant<br>vs.<br>DECKERS OUTDOOR CORPORATION, a Delaware corporation,<br><br>Counter-Defendants. | |

ANSWER AND COUNTERCLAIM - 1
Civil Action No. 10-8489 DSF
ROME-6-1010P02ANS (3).docx

BLACK LOWE & GRAHAM PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Neil D. Martin, Esq., No. 94121
nmartin@hillfarrer.com
HILL, FARRER & BURRILL LLP
One California Plaza, 37th Floor
300 South Grand Avenue
Los Angeles, CA 90071
T: 213.620.0460
F: 213.624.4840

Lawrence D. Graham, Esq., *Pro Hac Vice*
graham@blacklaw.com
Richard Alaniz, Esq., *Pro Hac Vice*
alaniz@blacklaw.com
BLACK LOWE & GRAHAM PLLC
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
T: 206.381.3300
F: 206.381.3301

Attorneys for Defendants
Tom Romeo and Romeo & Juliette, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>TOM ROMEO, an individual; and ROMEO & JULIETTE, INC., a California corporation,<br><br>Defendants. | CASE NO.: CV10-8489 DSF (FMOx)<br><br>**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM** |

Tom Romeo and Romeo & Juliette, Inc. ("Defendants"), by way of answer to the complaint filed on November 10, 2010 by plaintiffs Deckers Outdoor Corporation ("Deckers"), admit, deny, respond, and allege as follows. The

ANSWER AND COUNTERCLAIM - 1
Civil Action No. 10-8489 DSF
ROME-6-1010P02ANS.docx

BLACK LOWE & GRAHAM PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

numbered paragraphs below correspond to the same numbered paragraphs in the complaint.

## I. ANSWER TO COMPLAINT

1.  Defendants admit that in this action Deckers purports to state a claim relating to its UGG Australia ("UGG") boots but Defendants deny wrongdoing giving rise to such claims.

2.  Defendants deny the allegations of ¶2.

3.  Defendants lack information sufficient to admit or deny the allegations of ¶3.

4.  Defendants lack information sufficient to admit or deny the allegations of ¶4.

5.  Defendants answer that the purported September 9, 2010 Wall Street Journal Magazine speaks for itself, and deny the remaining allegations of ¶5.

6.  Defendants deny the allegations of ¶6.

7.  Defendants admit Romeo & Juliette, Inc. sell their boots under the brand "BearPaw" and have sold these boots through popular websites such as Zappos.com and Amazon.com where Deckers's boots are also sold, but deny the remaining allegations of ¶7.

8.  Defendants admit that ¶8 appears to show photographs of Deckers's Classic Short and Defendant Romeo & Juliette, Inc.'s BearPaw Eva 8, but deny the remaining allegations of ¶8.

9.  Defendants admit the allegations of ¶9.

## II. JURISDICTION

10. Defendants admit this Court has jurisdiction over this action.

11. Defendant Romeo & Juliette, Inc. admits that this Court has personal jurisdiction over it because it has conducted business within the State of California.

ANSWER AND COUNTERCLAIM - 2
Civil Action No. 10-8489 DSF
ROME-6-1010P02ANS.docx

BLACK LOWE & GRAHAM ᴾᴸᴸᶜ
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Defendants admit that in this action Deckers purports to state a claim for trade-dress infringement, and federal and state unfair competition, but deny any wrongdoing giving rise to such claims. Defendant Romeo & Juliette, Inc. admits that it has established minimum contacts with the forum such that the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice. Defendant Tom Romeo denies the allegations of ¶11 to the extent such allegations relate to his personal actions.

### III. VENUE

12. Defendants admit only that venue is proper in this District, but deny all allegations of ¶12 purporting to give rise to the assertion of venue.

### IV. PARTIES

13. Defendants admit the first sentence of ¶13, and further admit that Deckers sells footwear including UGG boots for men, women, and children in the U.S., but lack information sufficient to admit or deny the remaining allegations of ¶13.

14. Defendants admit the allegations of ¶14.

15. Defendants admit the allegations of ¶15.

### V. GENERAL ALLEGATIONS

16. Defendants deny that there is a "Classic Trade Dress," and lack information sufficient to admit or deny the remaining allegations of ¶16.

17. Defendants lack information sufficient to admit or deny the remaining allegations of ¶17.

18. Defendants deny that "Deckers has made its boots famous and highly distinctive," and lack information sufficient to admit or deny the remaining allegations of ¶18.

ANSWER AND COUNTERCLAIM - 3
Civil Action No. 10-8489 DSF
ROME-6-1010P02ANS.docx

BLACK LOWE & GRAHAM ᴾᴸᴸᶜ
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

19. Defendants admit only that the photograph in ¶19 purports to show Kate Hudson wearing a pair of boots in a promotional poster for her movie Raising Helen, but lack information sufficient to admit or deny the remaining allegations of ¶19.

20. Defendants lack information sufficient to admit or deny the allegations of ¶20.

21. Defendants deny the allegations of ¶21.

**A. The Classic Boot**

22. Defendants admit only that the photographs in ¶22 purport to show Deckers's Classic boot in a style with a cuff rolled down and rolled up, but deny the remaining allegations of ¶22.

23. Defendants lack information sufficient to admit or deny the remaining allegations of ¶23.

24. Defendants deny the allegations of ¶24.

25. Defendants lack information to form a belief as to the allegations that "Deckers manufactures this boot according to the strict quality standards that Deckers's customers have come to know and expect" and "Deckers has vouched for the quality and workmanship that went into making the boot," and deny the remaining allegations of ¶25.

26. Defendants deny the allegations of ¶26.

27. Defendants lack information to form a belief as to the allegations of ¶27.

28. Defendants lack information to form a belief as to the alleged "widespread acceptance of the Deckers's Classic boot among celebrities," and deny the remaining allegations of ¶28.

ANSWER AND COUNTERCLAIM - 4
Civil Action No. 10-8489 DSF
ROME-6-1010P02ANS.docx

BLACK LOWE & GRAHAM ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

## B. The Cardy Boot

29. Defendants lack information to form a belief as to whether or not "Deckers released the Classic Cardy boot (the "Cardy") in Spring 2008," and deny the remaining allegations of ¶29.

30. Defendants deny the allegations of ¶30.

31. Defendants lack information to form a belief as to the allegations that "Deckers manufactures this boot according to the strict quality standards that its customers have come to know and expect" and "Deckers has vouched for the quality and workmanship that went into making the boot," and deny the remaining allegations of ¶31.

32. Defendants lack information to form a belief as to the allegations of ¶32.

33. Defendants deny the allegations of ¶33.

## C. The Sundance II Boot

34. Defendants lack information to form a belief as to whether or not Deckers released the Sundance II boot in "Fall 2001," and deny the remaining allegations of ¶34.

35. Defendants deny the allegations of ¶35.

36. Defendants lack information to form a belief as to the allegations that "Deckers manufactures this boot according to the strict quality standards that its customers have come to know and expect" and "Deckers has vouched for the quality and workmanship that went into making the boot," and deny the remaining allegations of ¶36.

37. Defendants are without sufficient information to form a belief as the allegations of ¶37.

38. Defendants deny the allegations of ¶38.

ANSWER AND COUNTERCLAIM - 5
Civil Action No. 10-8489 DSF
ROME-6-1010P02ANS.docx

BLACK LOWE & GRAHAM ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**D. Defendants' Alleged Acts**

39. Defendants admit that Romeo & Juliette, Inc. sells boots in the U.S. under the BearPaw brand, but deny the remaining allegations of ¶39.

40. Defendants admit only that some the Romeo & Juliette Inc. boots have an appearance similar to certain Deckers boots, but otherwise deny the remaining allegations of ¶40.

41. Defendants admit only that Romeo & Juliette, Inc. sells boots in the U.S. under the BearPaw brand and has had access to boots sold by Deckers, but deny the remaining allegations of ¶41.

42. Defendants admit that BearPaw and UGG boots are available through online retailers, such as Zappos.com, Amazon.com, and Shoes.com, but deny the remaining allegations of ¶42.

## VI. DEFENDANTS' NON-INFRINGEMENT AND ALLEGED DILUTION OF DECKERS'S TRADE DRESSES

43. Defendants admit only that Romeo & Juliette Inc. has sold Bearpaw boots, but deny the remaining allegations of ¶43.

44. Defendants admit that certain boot designs are similar, and deny the remaining allegations of ¶44.

45. Defendants deny the allegations of ¶45.

46. Defendants deny the allegations of ¶46.

47. Defendants deny the allegations of ¶47.

48. Defendants lack information sufficient to admit or deny that "Deckers uses the finest grade twin-faced sheepskin," "Deckers employs high-quality thread to match the color of its boots and insists on uniform stitching," or "Deckers uses a reinforced heel counter inside the boot to provide support and to stop the heel from collapsing or bunching," and deny the remaining allegations of ¶48.

ANSWER AND COUNTERCLAIM - 6
Civil Action No. 10-8489 DSF
ROME-6-1010P02ANS.docx

BLACK LOWE & GRAHAM ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

49. Defendants deny the allegations of ¶49.

50. Defendants deny the allegations of ¶50.

51. Defendants deny the allegations of ¶51.

52. Defendants deny the allegations of ¶52.

53. Defendants deny the allegations of ¶53.

54. Defendants deny the allegations of ¶54.

55. Defendants deny the allegations of ¶55.

56. Defendants deny the allegations of ¶56.

57. Defendants deny the allegations of ¶57.

58. Defendants deny the allegations of ¶58.

59. Defendants deny the allegations of ¶59.

60. Defendants deny the allegations of ¶60.

61. Defendants deny the allegations of ¶61.

62. Defendants admit the allegations of ¶62.

63. Defendants deny the allegations of ¶63.

64. Defendants deny the allegations of ¶64.

## VII. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**[Federal Trade-Dress Infringement and Unfair Competition (Lanham Act, 15 U.S.C. § 1125 (a))]**

65. Defendants admit and deny the allegations referenced in ¶65 to the same extent as admitted and denied above.

66. Defendants deny the allegations of ¶66.

67. Defendants deny the allegations of ¶67.

### SECOND CAUSE OF ACTION

**[Federal Trade-Dress Dilution (Lanham Act, 15 U.S.C. § 1125 (c))]**

ANSWER AND COUNTERCLAIM - 7
Civil Action No. 10-8489 DSF
ROME-6-1010P02ANS.docx

BLACK LOWE & GRAHAM PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

68. Defendants admit and deny the allegations referenced in ¶68 to the same extent as admitted and denied above.

69. Defendants deny the allegations of ¶69.

70. Defendants deny the allegations of ¶70.

71. Defendants deny the allegations of ¶71.

72. Defendants deny the allegations of ¶72.

### THIRD CAUSE OF ACTION

[State Trade-Dress Dilution and Injury to Business Reputation]

73. Defendants admit and deny the allegations referenced in ¶73 to the same extent as admitted and denied above.

74. Defendants deny the allegations of ¶74.

75. Defendants deny the allegations of ¶75.

76. Defendants deny the allegations of ¶76.

77. Defendants deny the allegations of ¶77.

### FOURTH CAUSE OF ACTION

[Common-Law Unfair Competition]

78. Defendants admit and deny the allegations referenced in ¶78 to the same extent as admitted and denied above.

79. Defendants deny the allegations of ¶79.

80. Defendants deny the allegations of ¶80.

81. Defendants deny the allegations of ¶81.

82. Defendants deny the allegations of ¶82.

### FIFTH CAUSE OF ACTION

[State Unfair and Deceptive Trade Practices]

83. Defendants admit and deny the allegations referenced in ¶83 to the same extent as admitted and denied above.

ANSWER AND COUNTERCLAIM - 8
Civil Action No. 10-8489 DSF
ROME-6-1010P02ANS.docx

BLACK LOWE & GRAHAM ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

84. Defendants deny the allegations of ¶84.

85. Defendants deny the allegations of ¶85.

## SIXTH CAUSE OF ACTION

### [Individual Liability of Romeo (Lanham Act, 15. U.S.C. § 1125(a))]

86. Defendants admit and deny the allegations referenced in ¶86 to the same extent as admitted and denied above.

87. Defendants deny the allegations of ¶87.

88. Defendants deny the allegations of ¶88.

89. Defendants deny the allegations of ¶89.

## SEVENTH CAUSE OF ACTION

### [Common Law Misappropriation]

90. Defendants admit and deny the allegations referenced in ¶90 to the same extent as admitted and denied above.

91. Defendants deny the allegations of ¶91.

92. Defendants deny the allegations of ¶92.

93. Defendants deny the allegations of ¶93.

## EIGHTH CAUSE OF ACTION

### [False Or Misleading Statements]

94. Defendants admit and deny the allegations referenced in ¶94 to the same extent as admitted and denied above.

95. Defendants deny the allegations of ¶95.

96. Defendants deny the allegations of ¶96.

97. Defendants deny the allegations of ¶97.

98. Defendants deny the allegations of ¶98.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses.

ANSWER AND COUNTERCLAIM - 9
Civil Action No. 10-8489 DSF
ROME-6-1010P02ANS.docx

BLACK LOWE & GRAHAM PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1.    Deckers fails to state a claim upon which relief can be granted.

2.    Defendants breached no duty to Deckers.

3.    Deckers is equitably estopped under the doctrine of unclean hands.

4.    The claims were commenced by Deckers in bad faith and for an improper purpose.

5.    Deckers is equitably estopped under the doctrine of laches. Romeo & Juliette, Inc. began selling certain of its boot styles at least as early as 2001, and upon information and belief Deckers has been aware of such sales from the outset but knowingly elected not to pursue any such claim. Defendants are prejudiced by Deckers's delay in asserting its claims, and the claims should be dismissed under the doctrine of laches.

## COUNTERCLAIMS
### FIRST CLAIM FOR RELIEF
[False Designation of Origin and False Representation (15 U.S.C. § 1125(a))]

1.    Romeo & Juliette Inc. incorporates by reference each and every allegation contained in the above paragraphs.

2.    This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

3.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) in that Deckers resides within this district or a substantial part of the events alleged in the counterclaims occurred in this District.

4.    On information and belief, Deckers is a Delaware corporation having its principal place of business at 495-A South Fairview Avenue, Goleta, California 93117.

ANSWER AND COUNTERCLAIM - 10
Civil Action No. 10-8489 DSF
ROME-6-1010P02ANS.docx

BLACK LOWE & GRAHAM ᴾᴸᴸᶜ
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

5. On information and belief, Deckers designs, manufactures, imports, markets, and sells men's, women's, and children's footwear in the U.S. Deckers uses the trademark "UGG" for its brand of boots.

6. Since 1990 Romeo & Juliette, Inc. has been in the business of designing, manufacturing, importing, marketing, and selling footwear in the U.S. In 2002, Romeo & Juliette, Inc. began using "BearPaw" as a trademark for its brand of boots. Romeo & Juliette, Inc. has been using the mark in commerce continuously since that time. BearPaw boots have been sold worldwide through shoe stores such as Famous Footwear, Foot Locker, Shoe Pavilion, Off Broadway, and Big 5 Sporting Goods, international distributors, and on the internet through sites such as Amazon.com, Overstock.com, Zappos.com and through Romeo & Juliette Inc.'s own website www.bearpawshoes.com

7. On information and belief Deckers and Romeo & Juliette, Inc. have their respective footwear manufactured in and imported from China.

8. On information and belief Deckers markets and sells men's, women's, and children's footwear, including its UGGS boots, through retail stores and over the Internet.

9. Both Deckers and Romeo & Juliette, Inc. market and sell many of their respective boots made with suede leather outers, lined on the inside with sheepskin and synthetic flat soles.

10. The history of the functional designs incorporated into the UGG boots sold by Deckers is a long one dating back hundreds of years. Specifically, the UGG Classic boot sold by Deckers incorporates many functional elements found on similar boots that were made and used by people throughout the history of footwear. Below are some examples of such boots used by native North Americans. For example, as the photos below demonstrate, long before Deckers

ANSWER AND COUNTERCLAIM - 11
Civil Action No. 10-8489 DSF
ROME-6-1010P02ANS.docx

BLACK LOWE & GRAHAM ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

marketed its Classic boot many others made and used boots that incorporated such elements as exposed wool or shearling tufting, fabric binding, raised and rounded dome shaped toes, and heal overlays. These features were incorporated for reasons such as ease of manufacture, durability, insulation, or other such functional reasons. Although Deckers claims that its Classic boot originated in Australia, the fact is that the features of the boots were recognized for their functionality and the same or similar boots were independently created by others around the world.



ANSWER AND COUNTERCLAIM - 12
Civil Action No. 10-8489 DSF
ROME-6-1010P02ANS (2).docx

BLACK LOWE & GRAHAM ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

11. Many of the same functional elements derived from the native North American boots were also incorporated and applied to boot designs for World War I aviators because the aviators desired strategic leather outers for durability, especially in the heels and toe box, and fleece liners for warmth. Below are examples of boots used by aviators during World War I. These boots existed long before Deckers sold boots, and they demonstrate the functionality of the elements forming the boots. The same functional elements have been appropriated by Deckers and incorporated into many of the Deckers boots, including the Classic and Sundance II boots.




12. In more recent times, the foregoing functional elements have been incorporated into boot designs offered worldwide from many other companies. For example, functional elements include raised and rounded dome shaped toes (first photo below, Minnetonka "Pug" Boot), and exaggerated, raised and exposed

ANSWER AND COUNTERCLAIM - 13
Civil Action No. 10-8489 DSF
ROME-6-1010P02ANS (2).docx

BLACK LOWE & GRAHAM ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

circular stitch patterns and heal overlays on the boot's exterior (second photo; Aussie Dog Boot).

 

13. Deckers was plainly not the first to make boots incorporating the features it now claims to form its trade dress. Quite the opposite, Deckers has simply copied these same concepts that were used by countless others for centuries. Although it has been making and selling boots in a style used by many others for many years, Deckers nonetheless states or implies that it was the originator of such boots. For example, starting at least as early as 2000, Deckers advertised the UGG's Classic boot as the "original, authentic boot for ultimate comfort, warmth and functionality." Deckers also asserts as much in this lawsuit by claiming that its boots were "novel" and that others have made "knockoffs" of the Deckers boots. Deckers makes such claims as a way of selling boots, seeking to convince consumers that Deckers was first and that all others are imitations. Considering the long history of such boots by so many others, Deckers must have known that it did not originate the Classic boot design, yet Deckers continues to state or suggest that it was the first.

ANSWER AND COUNTERCLAIM - 14
Civil Action No. 10-8489 DSF
ROME-6-1010P02ANS (2).docx

BLACK LOWE & GRAHAM ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

14. Deckers has also consistently touted the various components of its boots as being functional in its own advertising. For example, Deckers has stated that the heel and toe overlays on the UGG Sundance II "reinforces heels and toes" of the boots. It admits that the thick flat sole of its boot is "lightweight, yet provides traction and durability," provides "slip resistance" and is "best for both comfort and function."

15. On information and belief, given the long history of the use of functional elements in boot design, Deckers knew that it had incorporated functional elements into its Classic and Sundance II boots and that those functional elements could not be appropriated as part of a proprietary trade dress. Thus, any statements Deckers has made claiming exclusive rights to such components constitute false or misleading descriptions of fact, or false or misleading representations of fact, misrepresenting the nature, characteristics and/or qualities of its goods. Quite simply, Deckers has engaged in a consistent pattern and practice of asserting to be the originator of its boot designs while accusing others of being knockoffs, imitations, or counterfeits even though Deckers knew or should have known that such statements were false.

16. On or about November, 8, 2010 Deckers published a press release that it intended and expected to be re-published by various news outlets and which it believed would serve as a strong negative statement of comparative advertising aimed directly at Romeo & Juliette, Inc.'s competitive BearPaw boots. The press release was widely re-published including for example by *Yahoo.com*, the on-line version of the *Wall Street Journal* and the on-line version of the *Pacific Coast Business Times*.

17. The press release stated in part that "Deckers Outdoor Corporation (NASDAQGS: DECK) filed suit today in United States District Court in the

ANSWER AND COUNTERCLAIM - 15
Civil Action No. 10-8489 DSF
ROME-6-1010P02ANS.docx

BLACK LOWE & GRAHAM ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Central District of California against Tom Romeo and Romeo & Juliette, Inc. d/b/a Bearpaw, Inc. seeking a Court order to stop them from copying the trade dress design of several UGG(R) boots." Thus, after copying boot designs previously made by many others for many years, Deckers now accuses Romeo & Juliette, Inc. of doing exactly the same thing.

18. According to Angel Martinez, Deckers Chairman and CEO, "UGG(R) Australia's success has fueled an entire industry of knock-off products like Bearpaw. Bearpaw is misleading consumers and creating significant brand confusion by repeatedly copying our designs, but using inferior materials, constructions and craftsmanship."

19. Deckers's statement in the press release that Deckers has exclusive rights in its "designs" is false. Similarly, Deckers's other statements to the effect that its boots were novel, original, or that otherwise suggest that Deckers was the first to develop boots in its so-called Classic style are false. Deckers's statements have actually deceived or have the tendency to deceive a substantial segment of its audience.

20. Decker's statements are material and are likely to influence the purchasing decisions of buyers of comparable boots, including Romeo & Juleittes Inc.'s BearPaw boots.

21. Deckers's false and misleading statements and representations were and are made in interstate commerce.

22. Deckers's improper activities, as described above, have been willful and deliberate, thereby making this an exceptional case under the Lanham Act.

23. As a result of Deckers's improper activities, Romeo & Juliette, Inc. has suffered and continue to suffer substantial injury, including irreparable injury and damages, including but not limited to loss of sales and profits to its BearPaw

ANSWER AND COUNTERCLAIM - 16
Civil Action No. 10-8489 DSF
ROME-6-1010P02ANS.docx

BLACK LOWE & GRAHAM ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

boots which Romeo & Juliette, Inc. would have made but for the false and deceptive advertising by Deckers's.

### PRAYER FOR RELIEF

WHEREFORE, in view of the foregoing answers, affirmative defenses, and counterclaims, Defendants requests that the Court enter judgment:

A.  Dismissing the complaint with prejudice and without an award of damages, costs, or fees of any kind to Deckers;

B.  Entering judgment against Deckers on Romeo & Juliette, Inc.'s counterclaim;

C.  Enjoining Deckers and its agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who receive actual notice of the injunction, preliminarily and permanently, from disparaging Romeo & Juliette Inc., its business, or its products, including its BearPaw brand in any manner, either orally, in writing, on the Internet, or otherwise;

D.  Awarding Defendant their reasonable attorneys' fees and costs; and

E.  Granting such other and further relief as the Court deems just.

DATED this 22nd day of December, 2010

          HILL FARRER & BURRILL LLP

          _____
          Neil D. Martin
            Email: nmartin@hillfarrer.com
          Attorneys for Defendants TOM ROSEO and ROMEO & JULIETTE, INC.

---

ANSWER AND COUNTERCLAIM - 17
Civil Action No. 10-8489 DSF
ROME-6-1010P02ANS.docx

BLACK LOWE & GRAHAM ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

# CERTIFICATE OF SERVICE

I, Elizabeth A. Draper, declare:

I am a resident of the state of California and over the age of eighteen years, and not a party to the within action; my business address is Hill, Farrer & Burrill LLP, One California Plaza, 37th Floor, Los Angeles, California 90071-3147. On December 22, 2010, I served the following documents:

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below:

Kate E. Cassidy, Esq.
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010

Robert L. Raskoph, Esq.
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010

Richard A. Schirtzer, Esq.
Quinn Emanuel Urquhart & Sullivan LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

Susan Rachel Estrich, Esq.
Quinn Emanuel Urquhart & Sullivan LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 22, 2010, at Los Angeles, California.

*/s/ Elizabeth A. Draper*
Elizabeth A. Draper

ANSWER AND COUNTERCLAIM - 18
Civil Action No. 10-8489 DSF
ROME-6-1010P02ANS.docx

BLACK LOWE & GRAHAM ᴾᴸᴸᶜ
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301